UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNIFER CARTIGLIA,                              :
                                                 :          **DECISION & ORDER**
                        Plaintiff,               :          13-CV-6100 (WFK) (VVP)
                                                 :
        v.                                       :
                                                 :
CAPITAL ONE, N.A., a/k/a CAPITAL ONE             :
BANK, and WILLIAM MEHNERT,                       :
                                                 :
                        Defendants.              :
------------------------------------------------------------X

**WILLIAM F. KUNTZ II, United States District Judge:**

Plaintiff Jennifer Cartiglia ("Plaintiff") brought this action in the Supreme Court of the State of New York, Richmond County against Defendants Capital One, N.A., a/k/a Capital One Bank ("Capital One") and William Mehnert ("Mehnert") (collectively "Defendants"), who then removed the case to this Court. Plaintiff sues Defendants for violations of the New York State Human Rights Law and the New York City Human Rights Law, as well as for negligence, recklessness, and negligent infliction of emotional distress. Dkt. 1 ("Notice of Removal") Ex. A ("Complaint") at ¶¶ 60-123. On February 14, 2014, Plaintiff moved to remand this action to state court or, in the alternative, for an extension of time to serve Defendant Mehnert. Dkt. 12 ("Motion to Remand"). On that same date, Defendants moved to dismiss (1) the fourth, fifth, and ninth causes of action, and (2) the entire Complaint with respect to Mehnert. Dkt. 22 ("Motion to Dismiss"). For the reasons stated herein, Plaintiff's motion is DENIED IN PART and GRANTED IN PART, and the Court RESERVES judgment on Defendants' motion.

## BACKGROUND

**Alleged Harassment and Retaliation**

Plaintiff was employed as a teller at a Capital One branch in Staten Island, New York from on or about April 24, 2006 to June 17, 2010. Complaint at ¶ 20. On or about November 2009, Mehnert began working for Capital One as a Branch Manager in the same office as Plaintiff. *Id.* at ¶ 21. After Mehnert began working for Capital One, Plaintiff alleges Mehnert sexually harassed her on a regular and consistent basis. *Id.* at ¶¶ 34, 36. According to Plaintiff, Mehnert's harassing conduct included, but was not limited to, telling Plaintiff she had "a black

girl's ass," comments about Plaintiff's body and physical appearance, grabbing Plaintiff's buttocks with his hands and then laughingly asking her why she was "trying to put [her] booty in the boss's hands," telling Plaintiff he was going to follow her after work and "bother" her, telling Plaintiff and her female co-workers they could only go on smoke breaks if they went with him, subjecting Plaintiff's female co-workers to unwanted sexual touching and graphic sexual comments in Plaintiff's presence, licking his finger and sticking it in Plaintiff's ear, and brushing closely against Plaintiff's buttocks with his body. *Id.* at ¶¶ 35, 37, 39, 42. Plaintiff further alleges Mehnert repeatedly declared he could have Plaintiff and her female co-workers fired, and his claims about them would be believed because he was a "good talker." *Id.* at ¶ 49.

Plaintiff allegedly informed Mehnert on numerous occasions between November 2009 and June 17, 2010 that Mehnert's behavior was inappropriate and unwelcome, and told him to stop. *Id.* at ¶ 43. Mehnert, Plaintiff alleges, ignored Plaintiff's requests or made light of her response to his behavior. *Id.* On or about June 10, 2010, Mehnert allegedly tried to persuade Plaintiff to leave her job, brushed up against Plaintiff, and grabbed at her buttocks with his hands. *Id.* at ¶ 45. When Plaintiff told him to never touch her again, Mehnert allegedly became angry and told Plaintiff he would tell everyone Plaintiff "put her booty in his hands." *Id.*

On or about June 11, 2010, Plaintiff and Jessica Tavares Ferreira, the Assistant Branch Manager at Plaintiff's Capital One office, called the Capital One Human Resources/Ethics Hotline and reported Mehnert's behavior. *Id.* at ¶ 46. They were told Human Resources would call them back within 48 hours; however, Plaintiff alleges neither she nor Ms. Ferreira received a return phone call, and further alleges Capital One conducted little to no investigation of her complaint and took no disciplinary action against Mehnert. *Id.*

On or about June 17, 2010, Mehnert fired Plaintiff. *Id.* at ¶ 47. Mehnert claimed Plaintiff had "left her drawer open" when the Capital One office closed on June 16, 2010. *Id.* Plaintiff claims there was no money in the drawer, and further argues it would have been impossible for the drawer to be left open since the night supervisor would have checked Plaintiff's drawer before closing the bank on June 16, 2010. *Id.* Plaintiff alleges Mehnert's claim of the open drawer was a mere pretext, and her termination was not based on performance or behavior but was rather in retaliation against Plaintiff for her complaints of harassment and hostile work environment. *Id.* at ¶ 57. To support this argument, Plaintiff alleges that one month prior to her termination, Mehnert had selected and trained Plaintiff for a promotion to head teller once the current head teller left. *Id.* at ¶ 58. Additionally, Plaintiff alleges the "procedure[,]pattern[,] and practice" of Capital One was to "write up" an employee for leaving a drawer open overnight, rather than terminating that employee. *Id.* at ¶ 59.

On or about June 21, 2010 and on two subsequent occasions, Plaintiff called Capital One's Human Resources to find out why she was terminated. *Id.* at ¶ 48. During her telephone calls, Plaintiff asked Capital One to check the surveillance camera above her drawer to see if it had been left open on June 16, 2010. *Id.* Plaintiff also recounted her alleged harassment and hostile work environment due to Mehnert's conduct during these telephone calls. *Id.* Plaintiff alleges no one from Capital One responded to her calls. *Id.* Plaintiff further alleges Mehnert was overheard laughing about Plaintiff's termination and mentioning Plaintiff had reported him to Human Resources. *Id.* at ¶ 50.

In addition to alleging harassment and retaliation by Mehnert, Plaintiff alleges she was never given a copy of Capital One's employee handbook. *Id.* at ¶ 52. Despite this, Plaintiff alleges she made every attempt to follow Capital One's policies and procedures for reporting

harassment, but was ignored and frustrated at every turn by Capital One's refusal to follow its own policies and procedures. *Id.* at ¶¶ 53-54. Plaintiff alleges Capital One's behavior was in retaliation for her complaints against Mehnert. *Id.* at ¶ 55. Furthermore, Plaintiff claims her career in the banking industry has suffered because of retaliatory negative references from Capital One. *Id.* at ¶ 56.

**Complaint and Service**

Plaintiff brought this suit in New York State Supreme Court, County of Richmond, against Capital One and Mehnert, alleging the following claims: (1) employment discrimination via hostile work environment in violation of New York State Executive Law §§ 290 *et seq.* (also referred to as "New York State Human Rights Law" or "NYSHRL"), specifically §§ 291, 296; (2) retaliation in violation of NYSHRL §§ 296 *et seq.*; (3) aiding and abetting unlawful employment practices, discrimination, and/or retaliation under NYSHRL § 296(6); (4) negligence, carelessness, and recklessness under New York State common law; (5) vicarious liability of Capital One for the actions of Mehnert under the doctrine of *respondeat superior*; (6) employment discrimination via hostile work environment in violation of New York City Administrative Code §§ 8-101 *et seq.* (also referred to as "New York City Human Rights Law" or "NYCHRL"), specifically § 8-107; (7) retaliation in violation of NYCHRL; (8) aiding and abetting unlawful employment practices, discrimination, and/or retaliation in violation of NYCHRL; and (9) negligent infliction of emotional distress under New York State common law. *Id.* at ¶¶ 60-123.

Plaintiff allegedly served Mehnert with the Complaint by "nail and mail" on October 5, 2013, at 23 Norway Avenue, Staten Island, New York, 10305, after four previous attempts on October 2, October 3, and October 4, 2013. Dkt. 14-3 ("Affidavit of Service"). However,

Mehnert claims (1) he moved out of 23 Norway Avenue on August 28, 2013; (2) there was no service of process on October 5, 2013, but only on October 7, 2013, which is after the 120-day deadline imposed by New York State Civil Practice Law and Rules ("CPLR"); and (3) he never received the Summons and Complaint in the mail. N.Y. CPLR § 306-b; Dkt. 10 ("Mehnert Decl.") at ¶¶ 3, 5-6, 15-16; Dkt. 11 ("Picarello Decl.") at ¶¶6, 11-15.

**Removal to Federal Court**

On November 1, 2013, the action was removed to federal court on the basis of diversity jurisdiction: Defendants argued that Capital One was a Virginia corporation, Plaintiff was a New York resident, and because Mehnert was not properly served with the Complaint, there was complete diversity of all properly served parties. Notice of Removal at ¶¶ 9-10.

On February 14, 2014, Plaintiff filed her Motion to Remand, arguing Mehnert was properly served, the parties lack complete diversity, and the action should be remanded to state court. Motion to Remand at 4-8. In the alternative, if the Court finds Mehnert was not properly served or the service was not complete, Plaintiff moves the Court under Federal Rule of Civil Procedure 4(m) for an extension of time to serve the Summons and Complaint on Mehnert. *Id.* at 8-10.

That same day, Defendants filed their Motion to Dismiss, arguing (1) Plaintiff failed to properly serve Mehnert; (2) Plaintiff should not be granted additional time to serve Mehnert; (3) Plaintiff's negligence claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because those claims are pre-empted by New York Workers' Compensation Law; and (4) Plaintiff's vicarious liability claim against Capital One should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Motion to Dismiss at 4-12.

For the reasons stated directly below, the Court hereby GRANTS Plaintiff's request for an extension of time of thirty (30) days from the date of this opinion to serve Mehnert. The Court therefore RESERVES judgment on Defendants' Motion to Dismiss until Plaintiff serves, or fails to serve, Mehnert within the 30-day period.

## ANALYSIS

### I. Plaintiff Did Not Properly Serve Mehnert

Plaintiff first argues that because Mehnert was properly served, the parties lack complete diversity, and the action should therefore be remanded to state court. Motion to Remand at 4-8. Plaintiff is incorrect about properly serving Mehnert.

Plaintiff first brought this suit in the State of New York. *See* Complaint. "Because Plaintiff served process on Defendant[s] prior to removal, the propriety of service must be determined by reference to state law." *PH Int'l Trading Corp. v. Nordstrom, Inc.*, 07-CV-10680, 2009 WL 859084, at *3 (S.D.N.Y. Mar. 31, 2009) (Karas, J.) (internal citation and quotation marks omitted).

The New York Civil Practice Law and Rules ("N. Y. C.P.L.R.") § 308(4) states that, if personal and substituted service cannot be made with due diligence, service can be made by (1) affixing the summons and complaint to the door of the "usual abode within the state of the person to be served[,]" and (2) "mailing the summons to such person at his or her last known residence[.]" N.Y. C.P.L.R. § 308(4). Additionally, such service must be made within 120 days of the commencement of the action. N.Y. C.P.L.R. § 306-b.

Plaintiff claims she properly served Mehnert because Mehnert lived at 23 Norway Avenue, Staten Island, New York on October 5, 2013, the date upon which Plaintiff claims she served Mehnert by "nail and mail"—that is, affixing the Summons and Complaint to the door of Mehnert's residence, and mailing the Summons and Complaint to Mehnert first-class, after four

diligent attempts to make personal and substituted service. Motion to Remand at 6-7. Plaintiff further claims Mehnert is "a local politician in Staten Island" who was registered with the New York State Board of Elections Financial Disclosure Report as of July 15, 2013 at the 23 Norway Avenue address. *Id.* at 7; Dkt. 14-7 ("NY BOE FDR"). Additionally, Plaintiff notes Mehnert remained registered with the New York Department of Motor Vehicles with a driver's license indicating 23 Norway Avenue as his residence as of the filing of the Motion to Remand. Motion to Remand at 7; Dkt. 14-6 ("DMV Record").

"Nail and mail" service must be done on Mehnert's actual residence or actual place of business. *Travelers Ins. Co. v. Monpere*, 93-CV-0127E, 1997 WL 9792, at *2 (W.D.N.Y. Jan. 2, 1997) (Elfvin, J.). Plaintiff argues that Mehnert's address as registered with the DMV or Board of Elections is sufficient; in support, however, Plaintiff cites only cases involving motor vehicle accidents. Motion to Remand at 7. A plaintiff in a motor vehicle accident case may serve a defendant at the defendant's DMV-registered address, even if that address is no longer defendant's actual residence, due to the requirements of New York Vehicle and Traffic Law § 505(5). *See, e.g., State Farm Mut. Auto. Ins. Co. v. Ramirez*, 13 N.Y.S.3d 853 (Table) (N.Y. Sup. Ct. 2015). However, that doctrine only applies to motor vehicle accident cases, and Plaintiff provides no rationale for applying it to the instant case.

Plaintiff is correct that Mehnert's "bare allegation that he was improperly served cannot be allowed to belie the private process server's return." *Sassower v. City of White Plains*, 89-CV-1267, 1993 WL 387862, at *7 (S.D.N.Y. Sept. 24, 1993) (Lowe, J.) (internal citation and quotation marks omitted); Motion to Remand at 7. However, if Mehnert's objections to the service are "specific and point out in which manner the utilized service of process rules were not satisfied . . . the burden of proof as to the effectiveness of service shifts to [Plaintiff]." *Sassower*,

1993 WL 387862 at *7. Here, Mehnert has done so, providing not only affidavits, but also a copy of his lease agreement to live in a different apartment commencing October 1, 2013, showing Mehnert's actual residence was elsewhere on the date of Plaintiff's attempted service. Mehnert Decl.; Picarello Decl.; Dkt. 10-1 ("Lease"). Plaintiff has not rebutted Mehnert's evidence by providing other proof as to the effectiveness of service.

Furthermore, to effect "nail and mail" service, Plaintiff must attempt to serve Mehnert *both* at his actual residence *and* at his actual place of business; "otherwise any attempted nail-and-mail service will be deemed defective as a matter of law." *Travelers Ins. Co.*, 1997 WL 9792 at *2 (collecting cases). Here, even if Plaintiff had shown that she served Mehnert at his actual residence, Plaintiff has made no showing of diligent attempts to serve Mehnert at his actual place of business. Accordingly, Plaintiff has not properly served Mehnert.

## II. The Court Extends Time to Serve under Rule 4(m)

As Plaintiff did not properly serve Mehnert, Plaintiff requests the Court grant her an extension of time to serve the Complaint and Summons on Mehnert pursuant to Federal Rule of Civil Procedure 4(m). Motion to Remand at 8-10. The Court agrees an extension is proper.

Federal Rule of Civil Procedure 4(m) states that if a defendant in an action is not served within 120 days of the filing of the complaint, the Court must "dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the [C]ourt must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Courts consider two factors in determining whether good cause, i.e., excusable neglect, for failing to comply with Rule 4(m)'s time limit has been shown: (1) the reasonableness and diligence of Plaintiff's efforts to serve, and (2) the prejudice to the Moving Defendants from the delay." *Micciche v. Kemper Nat'l Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008) (Irizarry, J.) (internal citation and quotation marks omitted). "Courts

generally will find good cause only where the failure to effect timely service was the result of circumstances beyond the plaintiff's control, and was not the result of mere inadvertence, neglect, mistake or misplaced reliance." *Id.* (internal citation and quotation marks omitted).

Here, Plaintiff has not shown any circumstances beyond her control. Plaintiff's failure to serve Mehnert properly appears to be entirely due to her own inadvertence. Therefore, the Court does not find Plaintiff has shown good cause.

However, a district court may in its discretion extend time to serve without a showing of good cause. *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). "Where . . . good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Id.* (emphasis in the original). In considering whether to extend time without a showing of good cause, district courts "have typically invoked four relevant considerations . . . (1) whether the statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of the plaintiff's request for relief from the provision." *Carroll v. Certified Moving & Storage Co., LLC*, 04-CV-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005) (Ross, J.) (internal citation and quotation marks omitted).

Here, three of the four factors weigh in favor of extending time: the three-year-statute of limitations would bar Plaintiff's re-filed suit against Mehnert, Mehnert had actual notice of the claims asserted in the Complaint as early as July 2013, and Mehnert has not shown he would be

prejudiced by granting Plaintiff's request. Dkt. 14-2; *see also Micciche*, 560 F. Supp. 2d at 210-211; *Carroll*, 2005 WL 1711184 at *2. While Plaintiff waited until near the end of the 120-day deadline under N.Y. C.P.L.R. § 306-b to attempt serving Mehnert, and did not attempt to serve Mehnert at his place of business, Plaintiff attempted service at Mehnert's residence four times and moved for an extension of time two weeks after removal to federal court. Affidavit of Service; Dkt. 5 ("Letter Motion"). Plaintiff's conduct contrasts with cases where New York courts have declined to extend time for extreme lack of diligence. *See e.g.*, *Bahadur v. N.Y. State Dep't. of Corr. Servs.*, 930 N.Y.S.2d 631, 633 (2d Dep't 2011) (collecting cases and declining to extend time for service because the plaintiff waited until near the end of the 120-day period, only attempted service once, and only moved to extend time for service nearly two months after the defendants moved to dismiss for lack of timely service). Accordingly, the Court hereby grants Plaintiff thirty (30) days after the entry of this order to serve Mehnert.

### III. The Court Reserves Judgment on Defendants' Motion to Dismiss

If Plaintiff properly serves Mehnert, there will cease to be complete diversity among the parties to this action, the Court will no longer have subject matter jurisdiction, and the action must be remanded to state court. 28 U.S.C. § 1447(c); 28 U.S.C. § 1332(a)(2); *Thomas*, 2015 WL 5319725 at *2. Accordingly, the Court reserves judgment on Defendant's motion to dismiss until Plaintiff either serves or fails to serve Mehnert within the 30-day period discussed above.

### CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand, Dkt. 12, is hereby DENIED IN PART and GRANTED IN PART. Plaintiff has thirty (30) days following the entry of this order to serve Defendant Mehnert. The Court RESERVES judgment on Defendants'

Motion to Dismiss, Dkt. 22, until Plaintiff serves, or fails to serve, Defendant Mehnert within thirty (30) days.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2015
      Brooklyn, New York